UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RONALD SATISH EMRIT,

                              Plaintiff,

   vs.                                                    1:26-cv-00034
                                                              (MAD/DJS)

MARIA CHERNIAVSKA, et al.

                              Defendants.

---

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

Plaintiff Ronald Satish Emrit commenced this action on January 1, 2026. *See* Dkt. No. 1. On February 10, 2026, Magistrate Judge Daniel J. Stewart granted Plaintiff's motion to proceed *in forma pauperis*. *See* Dkt. No. 5. And, on the same day, Magistrate Judge Stewart issued a Report-Recommendation and Order, recommending that this Court dismiss Plaintiff's complaint without prejudice and without leave to amend for lack of subject matter jurisdiction, failure to comply with Rule 8 of the Federal Rules of Civil Procedure, lack of Article III standing, and because the complaint fails to state a claim for intentional infliction of emotional distress. *See* Dkt. No. 6.

Plaintiff has not filed any objections to the Report-Recommendation and Order.[1] When a party declines to file an objection, the Court reviews a recommendation for clear error. *See*

---

[1] On February 10, 2026, Plaintiff filed a notice of appeal. *See* Dkt. No. 7. The notice of appeal makes no mention of what order Plaintiff appeals from and states that Plaintiff "wants to argue the Kardashian-Cherniavska Conjecture (KCC) in the Court of Appeals and perhaps the International Court of Justice of Hague, Netherlands having to do with the Horsehead Nebula (HN), Holland & Knight, LLP, Backwards Time Travel (BTT), Closed Timelike Curves or CTC's, exotic matter, black holes, white holes, wormholes, and parallel universes." *Id.* at 3. In any event, this Court has jurisdiction to consider the Report-Recommendation and Order despite the notice of appeal,

1

*O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because Plaintiff has not filed objections, the Court will review the Report-Recommendation and Order for clear error.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has stated that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely "'because of their lack of legal training.'" *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Here, the Court finds no clear error in Magistrate Judge Stewart's Report-Recommendation and Order. Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. *See* Dkt. No. 6 at 1-9. Three causes of action can be gleaned from the complaint: (1) that Defendant Burnett has defamed Presidents Donald Trump and Bill Clinton; (2) Defendant Burnett "has committed the tort of invasion of privacy through false light" against Presidents Trump and Clinton; and (3) Defendant Burnett and Defendant Cherniavska have engaged in intentional infliction of emotional

---

because the Report-Recommendation and Order was not a final order or judgment and the notice of appeal was clearly premature. *See Gladding v. Rounds*, No. 25-CV-1702, 2026 WL 370067, *1 n.2 (N.D.N.Y. Feb. 10, 2026); *Demuth v. Cutting*, No. 18-CV-795, 2020 WL 918739, *1 n.1 (N.D.N.Y. Feb. 26, 2020) (citing *United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996), and *Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 527 (2d Cir. 1990)).

distress; the former by insinuating Presidents Trump and Clinton were associated with Jeffery Epstein and Ghislain Maxwell, and the later "by deactivating her [WhatsApp] account without informing" Plainitff. *See* Dkt. No. 1 at ¶¶ 37-49. The complaint names nine other Defendants, besides Burnett and Cherniavska, but fails to connect these other Defendants to any cause of action or purported wrongdoing. *See generally id.*

As discussed in the Report-Recommendation and Order, the complaint must be dismissed for four reasons. First, Plaintiff has failed to establish subject matter jurisdiction because, although Plaintiff invokes this Court's diversity jurisdiction, the complaint states no amount in controversy, *see* Dkt. No. 6 at 4-5—in fact, the complaint states "[b]ecause the amount in controversy does not exceed $75,000 . . . , this [C]ourt does not have jurisdiction based on the amount in controversy." Dkt. No. 1 at 6.[2] Second, the complaint fails to comply with Rule 8 because it offers limited factual pleading, and thus, fails to put Defendants on notice of the claims asserted or provide a meaningful basis for the Court to assess the sufficiency of the claims. *See id.* at 6-7. Third, Plaintiff has failed to state facts sufficient to establish standing to bring his first and second causes of action (and the third cause of action as against Burnett) because he alleges no personal harm directed toward himself; instead, these causes of action are predicated on allegations of harm suffered by other individuals (Presidents Bill Clinton and Donald Trump). *See id.* at 7-8. Fourth, Plaintiff's third cause of action (that Defendant Cherniavska engaged in

---

[2]  Although the complaint mentions federal question jurisdiction, the Court agrees with Magistrate Judge Stewart that the complaint does not plausibly identify any federal statutory or constitutional rights violations necessary to confer federal question jurisdiction. *See* Dkt. No. 1 at ¶¶ 26-27; Dkt. No. 6 at 5. Indeed, the complaint baldly states that "this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause," Dkt. No. 1 at ¶ 26, but no causes of action under these statutory or constitutional provisions is actually alleged.

intentional infliction of emotional distress by deactivating her WhatsApp account without first informing Plaintiff) fails to state a claim because such allegations do not meet the high pleading standard for an intentional infliction of emotional distress claim under New York State law. *See id.* at 8.

The Court also finds no clear error in Magistrate Judge Stewart's recommendation that Plaintiff be denied opportunity to amend. *See id.* at 9. As noted in the Report-Recommendation and Order, Plaintiff's claims are frivolous on their face and amendment would otherwise be futile.

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 6) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND**; and the Court further

**ORDERS** that the Clerk of Court is respectfully directed to enter judgment in favor of Defendants and close this case; and it the Court further

**ORDERS** that this matter be referred to Chief Judge Brenda K. Sannes for consideration of an order limiting Plaintiff's ability to initiate further litigation in this District pursuant to 28 U.S.C. § 1651(a);[3] and the Court further

---

[3] As Magistrate Judge Stewart observes, Plaintiff has a well-documented pattern of litigiousness and the Eastern District of New York recently noted that "Plaintiff has filed over one thousand cases in the federal courts across the country." *Presidential Candidate No. P60005535 v. Burnett*, No. 25-CV-2873, 2025 WL 3268247, *3 (E.D.N.Y. Nov. 24, 2025). Moreover, Plaintiff has previously been warned in this District that continued frivolous litigation may result in a recommendation that he be barred from further litigation without leave of court. *See Emrit v. Grammys Awards on CBS*, No. 23-CV-1155, 2024 WL 3083307, *4 (N.D.N.Y. June 21, 2024).

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 14, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge